IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ALFRED DOMENICK WRIGHT, *also known as Alfred Domenick Wright*,<br>Petitioner,<br><br>vs.<br><br>WARDEN, USP HAZELTON,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:20-03451-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, AS MODIFIED, AND TRANSFERRING PETITIONER'S PETITION**

Petitioner Alfred Domenick Wright (Wright), proceeding pro se, filed this action asserting a habeas corpus claim under 28 U.S.C. § 2241. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending Wright's petition be transferred to the United States District Court for the Northern District of West Virginia (NDWV). At the time of the Report's issuance, Wright was housed at USP Hazelton in West Virginia. USP Hazelton, located in Bruceton Mills, West Virginia, is within the jurisdiction of NDWV. *See USP Hazelton*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/haz (last visited Nov. 24, 2020).

The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

1

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 1, 2020. To date, Wright has neglected to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

As the Court has already noted, the Magistrate Judge recommended Wright's petition be transferred to the district court covering the area where he was incarcerated, NDWV. The Court agrees with the Magistrate Judge's reasoning that habeas relief is issuable by a District Court only within the district of the petitioner's confinement.

But, Wright is no longer in USP Hazelton. According to the Bureau of Prison's "Find an inmate" locator listing for Wright, which the Court takes judicial notice of as per Fed. R. Evid. 201, Wright is now incarcerated at USP Big Sandy (Big Sandy). *See Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited Nov. 24, 2020). Big Sandy is located in Inez, Kentucky. *See USP, Big Sandy*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/bsy (last visited Nov. 24, 2020). And, Big Sandy and

its warden are within the jurisdiction of the United States District Court for the Eastern District of Kentucky (EDKY).  *Id*.  Thus, the Court will transfer this case to that court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Magistrate Judge's recommendation, as modified herein, such that Wright's petition is **TRANSFERRED** to EDKY.

To the extent Wright requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 30th day of November 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.